Filed 7/17/13  R.H. v. Super. Ct. CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| R.H., | F067291 |
| Petitioner, | (Super. Ct. No. JD128387-00) |
| v. | |
| THE SUPERIOR COURT OF KERN COUNTY, | **OPINION** |
| Respondent; | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, | |
| Real Party in Interest. | |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Louie L. Vega, Judge.

R.H., in pro. per., for Petitioner.

No appearance for Respondent.

Theresa A. Goldner, County Counsel, and Jennifer E. Feige, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Poochigian, J. and Peña, J.

R.H. (mother) in propria persona seeks extraordinary writ review of the juvenile court's orders issued at a contested 12-month review hearing (Welf. & Inst. Code, § 366.21, subd. (f))[1] terminating her reunification services and setting a section 366.26 hearing as to her seven-year-old son Paul. (Cal. Rules of Court, rule 8.452.) Mother contends the report submitted by the Kern County Department of Human Services (department) for the hearing was incorrect and/or incomplete with respect to her drug test results. She seeks relief from the section 366.26 hearing and an order continuing her reunification services. We deny the petition.

## PROCEDURAL AND FACTUAL SUMMARY

In March 2012, the juvenile court ordered then five-year-old Paul removed from the physical custody of his father, also named Paul (hereafter "father") at a detention hearing. Father suffered from drug-induced schizophrenia and was hallucinating, thus placing Paul at risk of harm. At the time of his removal, Paul was staying with his paternal grandmother on an extended visit.

Mother appeared at the detention hearing. She and father divorced three years prior, after which father was awarded sole physical custody of Paul and mother was granted supervised visitation. Mother initially had limited contact with Paul, however, visited him more frequently during the four to five months before Paul's detention. Mother had a lengthy history of methamphetamine use.

The juvenile court ordered weekly visitation for mother and father and set a combined jurisdictional/dispositional hearing for April 2012. In the interim, father died of a drug overdose.

The department filed a first amended petition under section 300, alleging mother's drug use placed Paul at risk of harm. The juvenile court sustained the petition and

---

**1**   All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

ordered mother to participate in child neglect, parenting, and substance abuse counseling, and submit to random drug testing.

The juvenile court ultimately provided mother 12 months of services and though she completed child neglect and parenting counseling, she failed to drug test 13 out of 15 times from November 2012 to April 2013. She tested positive for methamphetamine in December 2012 and negative in March 2013.

In its report for the 12-month review hearing, the department listed each date mother was required to drug test with the corresponding results. Where mother failed to drug test, the department listed the result as "presumptive positive." The department recommended the juvenile court terminate mother's reunification services and set a section 366.26 hearing.

In May 2013, the juvenile court convened the 12-month review hearing. Mother's attorney informed the juvenile court mother disputed the accuracy of the department's estimate of the number of tests she had missed. The juvenile court allowed mother's attorney to review the department's log with the social worker. After doing so, mother's attorney reported the department's representation of mother's missed tests was "substantially correct as listed in the report" but did not identify any discrepancies. Mother's attorney also informed the juvenile court that mother was participating in substance abuse counseling and regularly visiting Paul.

At the conclusion of the hearing, the juvenile court found mother was provided reasonable services and there was not a substantial probability Paul could be returned to her custody by the 18-month review hearing. Consequently, the court terminated mother's reunification services and set a section 366.26 hearing. This petition ensued.

## DISCUSSION

Mother contends the juvenile court erred in terminating her reunification services because the department did not attach to its report the official drug test results reflecting that samples she provided on January 24, February 14 and March 14 of 2013, yielded

3

negative results. Instead the department's report reflected that mother tested presumptively positive on those dates for failing to test. To bolster her claim, mother attached copies of the drug test results she contends were omitted to her writ petition.

As a preliminary matter, we are precluded from considering any evidence not contained in the juvenile court record filed in this court. Since the above-mentioned laboratory results were not part of the juvenile court record, we will not consider them. (*In re Zeth S*. (2003) 31 Cal.4th 396, 405.) That said, we will consider evidence that mother tested negative on March 15, 2013, since it was included in the department's report.

With respect to the January and February 2013, drug test results identified above, we do not believe evidence of negative results would have caused the juvenile court to issue an order for continuing reunification services. At the 12-month review hearing, the juvenile court has little choice but to terminate reunification services and set a section 366.26 hearing where, as here, it finds the parent was provided reasonable services unless the juvenile court finds there is a substantial probability the child will be returned to the parent's physical custody by the 18-month review hearing. (§ 366.21, subd. (g).)

In order to find a substantial probability of return, the juvenile court must find the parent made significant progress in resolving the problems that led to the child's removal from the home and demonstrated the capacity and ability to complete the objectives of the treatment plan and provide for the child's safety, protection, and physical and emotional well-being. (§ 366.21, subd. (g)(1)(A)-(C).)

In this case, the juvenile court found there was not a substantial probability Paul could be returned to mother's custody with continued services and substantial evidence supports the juvenile court's finding. Paul was removed from mother because of her drug use yet after 12 months of reunification services she still struggled with her drug addiction as reflected by her frequent failure to drug test. Even after mother tested

negative in March 2013, she failed to drug test each of the three times she was asked to drug test in April.

Under the circumstances, the juvenile court could reasonably conclude mother did not make sufficient progress in resolving her drug problem and demonstrate the capability of completing her treatment plan so as to warrant continuing reunification services. Thus, we find no error in the juvenile court's orders terminating mother's reunification services and setting a section 366.26 hearing.

## DISPOSITION

The petition for extraordinary writ is denied. This opinion is final forthwith as to this court.